UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:08-CV-570-R

MARGIE SMITH                                                                                      PLAINTIFF

v.

LIBERTY MUTUAL INSURANCE CO.                                                  DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff Margie Smith's Motion to Remand (Docket #10). Defendant Liberty Mutual Insurance Co. has responded (Docket #11). This matter is now ripe for adjudication. For the following reasons, Plaintiffs' Motion to Remand is GRANTED.

**BACKGROUND**

This matter was initially filed in the Jefferson Circuit Court in Jefferson County, Kentucky. The complaint alleges that Defendant, an insurance company, unlawfully refused to pay Plaintiff Basic Reparations Benefits in accordance with the Kentucky Motor Vehicle Reparation Act ("MVRA"), KRS 304.39 et. seq. Plaintiff's complaint also contains a claim for punitive damages. Defendant timely removed this action on October 24, 2008.

Defendant subsequently filed a motion to dismiss Plaintiff's punitive damages claim. Plaintiff responded by agreeing that under Kentucky law punitive damages are not available for her MVRA claim. Absent the punitive damages claim, Plaintiff argues that the amount in controversy in this action is no more than $17,915.18 (a $10,000 policy limit, plus statutory interest payments and attorney's fees). KRS 304.39-210 and 220.

Plaintiff has now filed a motion to remand this action to the Jefferson Circuit Court,

arguing that her claim, exclusive of costs and interest, does not exceed $75,000. Defendant argues that the complaint on its face satisfies the requirements of federal subject matter jurisdiction.

## ANALYSIS

Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). A defendant removing a case has the burden of proving the diversity jurisdiction requirements. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447. A federal court's jurisdiction ordinarily depends "on the facts as they exist when the complaint is filed.'" *Jones v. Knox Exploration Corp.*, 2 F.3d 181, 182 (6th Cir. 1993). If a claim of the required jurisdictional amount is made in good faith, that claim controls unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.*

"In the application of the legal certainty test, most courts have found a legal certainty that more than the jurisdictional amount could not be recovered only where the applicable state law barred the type of damages sought by the plaintiff." *Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272, 274 (6th Cir. 1973). *See also Parmelee v. Ackerman*, 252 F.2d 721, 722 (6th Cir. 1958) (disregarding plaintiff's emotional distress claim for amount-in-controversy

purposes when such damages were not recoverable under Ohio law). In this case, Plaintiff is barred by Kentucky law from recovering punitive damages for her cause of action under the MVRA. *Foster v. Kentucky Farm Bureau Mut. Ins. Co.*, 189 S.W.3d 553, 557 (Ky. 2006). For this reason, Plaintiff's punitive damages claim cannot be considered when determining whether Plaintiff's cause of action satisfies the amount-in-controversy requirement.

Given this, the Court finds as a legal certainty that Plaintiff cannot recover more than the $75,000 jurisdictional amount necessary to create federal subject matter jurisdiction. Therefore, this action must be remanded to the Jefferson Circuit Court.

## CONCLUSION

For the above reasons, Plaintiffs' Motion to Remand is GRANTED.

An appropriate order shall issue.